**United States District Court**
**District of Massachusetts**

```
_____
                               )
Kelechi Linardon,              )
                               )
         Plaintiff,            )
                               )
         v.                    )        Civil Action No.
                               )        22-11834-NMG
Boston Housing Authority et al.,)
                               )
         Defendants.           )
                               )
_____)
```

**MEMORANDUM & ORDER**

This case arises from the displeasure of <u>pro se</u> plaintiff Kelechi Linardon ("Linardon" or "plaintiff") over the loss of her housing voucher.  She brings multiple claims against the Boston Housing Authority ("BHA" or "defendant"), the City of Boston ("the City" or "defendant") and former Massachusetts Governor Charlie Baker ("Governor Baker" or "defendant") relating to her housing search.[1]  Pending before the Court are motions of plaintiff for a preliminary injunction and of defendants City of Boston and Governor Baker to dismiss.

---

[1] Plaintiff's caption includes defendant "Michelle Wu – Administration" and plaintiff uses "administration" and "City of Boston" interchangeably throughout her complaint but the Court construes plaintiff's claims as being against the City of Boston and not against Mayor Wu in her personal capacity.

- 1 -

I.    **Background**

A.    **Factual History**

Plaintiff received federal approval for a housing voucher provided by the Massachusetts Rental Voucher Program ("MRVP") in 2017.  The voucher was for a two-bedroom apartment that could accommodate her disability.

After an individual is selected for a voucher, the pertinent public housing authority, such as the BHA, authorizes the holder to search for a unit. 24 C.F.R. § 982.302.  When the voucher holder finds a unit and the landlord is willing to lease it under the voucher program, the recipient may request approval of the tenancy. Id.  If the housing authority finds that the proposed subsidized rent to the owner is reasonable in comparison to the fair market rent and approves the tenancy, it will contract with the landlord to make monthly payments using U.S. Department of Housing and Urban Development ("HUD") federal funding on behalf of the voucher holder. 24 C.F.R. § 982.1(a)(2).

Linardon claims that defendants made her wait several years for housing while her disability worsened.  She allegedly applied for an apartment in 2019 at 3200 Washington Street, Boston, Massachusetts.  She was approved by the property manager and intended to move into the apartment in November or December,

2019, but claims that the BHA has "deceived, delayed and prevented her from moving in."

The BHA responds that it inspected the apartment and assessed that it could provide $2,500 per month in federal rental assistance but that the market rate for the unit was $3,790 per month.  Linardon claims that the BHA intentionally prevented her from renting the desired apartment because of her disability and race.

**B.   Procedural History**

Linardon has filed a nine-count complaint against the BHA, the City of Boston and Governor Baker in this Court in October, 2022.  All nine counts allege "negligence" for various violations of state and federal statutes, including the Fair Housing Act, Title II of the Americans with Disabilities Act, 42 U.S.C. § 1983, tortious interference with contractual relations, breach of contract and intentional infliction of emotional distress.  Plaintiff notes that she filed a nearly identical complaint against the BHA and HUD in Massachusetts Superior Court in 2020.  Those claims remain pending in Massachusetts Housing Court.

Just over one month after filing the present complaint, Linardon moved for a preliminary injunction.  Her supporting memorandum of law continuously refers to her complaint.  All

- 3 -

three defendants oppose the motion for preliminary injunction
and defendants City of Boston and Governor Baker, in his
official capacity, have filed motions to dismiss.

## II.  **Motion for Preliminary Injunction**

### A.    **Legal Standard**

In considering a motion for a preliminary injunction, the
Court must weigh four factors: 1) the plaintiff's likelihood of
success on the merits, 2) the potential for irreparable harm if
the injunction is withheld, 3) a favorable balance of hardships
and 4) the effect on the public interest. Jean v. Mass. State
Police, 492 F.3d 24, 26-27 (1st Cir. 2007).  Out of those
factors, the likelihood of success on the merits "normally
weighs heaviest in the decisional scales," Coquico, Inc. v.
Rodriguez-Miranda, 562 F.3d 62, 66 (1st Cir. 2009), and if a
plaintiff is unable to show a reasonable likelihood of success,
"the remaining factors become matters of idle curiosity," Jean,
492 F.3d at 27 (quoting New Comm. Wireless Servs., Inc. v.
SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002)).

The Court may accept as true "well-pleaded allegations [in
the complaint] and uncontroverted affidavits." Rohm & Haas Elec.
Materials, LLC v. Elec. Circuits, 759 F. Supp. 2d 110, 114, n.2
(D. Mass. 2010) (quoting Elrod v. Burns, 427 U.S. 347, 350, n.1
(1976)).

Ultimately, however, the issuance of injunctive relief is "an extraordinary and drastic remedy that is never awarded as of right." Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 8-9 (1st Cir. 2012) (quoting Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011)).  It should issue "only where the intervention of a court of equity is essential in order effectually to protect property rights against injuries otherwise irremediable." Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982) (citation and internal quotations omitted).

### B.  Application

Linardon makes several arguments in support of her motion, none of which is meritorious.  As an initial matter, she asserts that she is not required to demonstrate that she will succeed on the merits at trial but rather that she "must only demonstrate that the legal issues [raised] are substantial enough to constitute fair grounds for litigation."  That is not the legal standard.  Plaintiff bears the burden of persuasion and she must prove her likelihood of success on the merits. See Jean, 492 F.3d at 26-27.

Plaintiff's claims lack any such likelihood.  First, she does not, in fact, allege any specific claims against the City of Boston or Governor Baker.  The City of Boston and the Office

of the Governor of Massachusetts are separate legal entities
from the BHA and none of the actions alleged to have been taken
by the BHA is legally attributable to the City or Baker.  A
preliminary injunction cannot therefore be entered against
either the City or the Governor.

Linardon's claims against the BHA also fail to satisfy the
factors necessary for the issuance of a preliminary injunction.
The BHA asserts that Linardon's case is unlikely to succeed on
the merits and should be dismissed because: 1) there are two
pending actions in Massachusetts Housing Court based on the same
cause of action, with nearly identical complaints, 2) plaintiff
previously dismissed an action in Suffolk Superior Court based
on the same claims, 3) plaintiff's complaint is "virtually
impossible" to decipher, let alone answer, and 4) plaintiff
ultimately fails to state a claim upon which relief can be
granted.  The Court agrees that plaintiff's motion fails to show
a reasonable likelihood of success on the merits as to the BHA
and thus it need not consider the other prerequisites for
injunctive relief. See id. at 27.

Furthermore, a preliminary injunction is not the
appropriate procedure for obtaining plaintiff's requested
relief.  For example, she seeks reimbursement for six years of
housing costs.  That is a claim in plaintiff's complaint to be

resolved through litigation, not by the "extraordinary and drastic remedy" of injunctive relief. See Peoples Fed. Sav. Bank, 672 F.3d at 8-9.  Plaintiff cannot substitute a claim for injunctive relief for a full-blown action at law and therefore her motion for the former will be denied.

## III.  **Motions to Dismiss**

### A.   **Legal Standard**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the subject pleading must state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the "court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).  A court also may not disregard properly pled factual allegations even if "actual proof of those facts is

improbable." <u>Ocasio-Hernandez</u>, 640 F.3d at 12 (quoting <u>Twombly</u>, 550 U.S. at 556).  Rather, the necessary "inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw." <u>Id.</u> at 13.  The assessment is holistic:

> the complaint should be read as a whole, not parsed
> piece by piece to determine whether each allegation,
> in isolation, is plausible.

<u>Hernandez-Cuevas</u> v. <u>Taylor</u>, 723 F.3d 91, 103 (1st Cir. 2013) (quoting <u>Ocasio-Hernandez</u>, 640 F.3d at 14).

### B.   Application

Two of the three defendants, the City of Boston and Governor Baker, filed motions to dismiss.  Because both entities are not parties to this dispute, the claims against them will be dismissed.

The City of Boston moves to dismiss because it is not involved with the MVRP program upon which Linardon's claims are based.  It submits that there is no factual basis for liability of the City under any of the theories in plaintiff's complaint, including violations of the Fair Housing Act, Title II of the Americans with Disabilities Act, 42 U.S.C. § 1983 or for "human rights violations and hate crimes."

The City of Boston is a separate and distinct entity from the BHA and stresses that it was not involved in any housing

- 8 -

decisions relating to plaintiff's claims.  Because Linardon has
not pled any facts to support an inference of liability as to
the City of Boston, the City will be dismissed from this action.
See Ocasio-Hernandez, 640 F.3d at 12.

Governor Baker moves to dismiss because plaintiff has not
brought any claims against him and even if she had, they would
be barred by sovereign immunity.  The ex-Governor contends that
there are no factual allegations against him in Linardon's
complaint.  The pleading mentions Baker by name only in the
sections describing the parties but never again in the other 62
pages and nine counts.

Linardon cannot state a claim against Governor Baker merely
by referencing his name without specific allegations as to how
he violated the law. See Iqbal, 556 U.S. at 676.  He is not
alleged to have been involved in any housing decisions relating
to Linardon or her voucher which would infer liability and he
will therefore be dismissed from this action. See Ocasio-
Hernandez, 640 F.3d at 12.

**ORDER**

For the foregoing reasons,

1)   plaintiff's motion for preliminary injunction (Docket
     No. 11) is **DENIED**;

2)   the motion of defendant City of Boston to dismiss
     (Docket No. 30) is **ALLOWED**; and

3)   the motion of defendant Charlie Baker to dismiss
     (Docket No. 33) is **ALLOWED**.

If the Boston Housing Authority seeks dismissal of this action,
it will file a stand-alone motion to that effect in order to
permit plaintiff the opportunity to respond.

**So ordered.**

                                   /s/ Nathaniel M. Gorton
                                   Nathaniel M. Gorton
                                   United States District Judge

Dated February 8, 2023