UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KELECHI LINARDON,<br>      Plaintiff,<br><br>v.<br><br>BOSTON HOUSING AUTHORITY, et al.,<br>      Defendants. | Civil Action No.<br>22-11834-NMG<br><br>First Circuit No. 23-1185 |

ORDER

**GORTON, J.**

This case concerns pro se plaintiff Kelechi Linardon's search for housing after having lost her housing voucher. Linardon commenced this action on October 27, 2022. Shortly thereafter, she paid the $402 fee to file a civil complaint. (Docket No. 4).

In a February 8, 2023 order, the Court denied Linardon's motion for a preliminary injunction and granted motions to dismiss filed by the City of Boston and former Massachusetts Governor Charlie Baker. (Docket No. 37). On February 22, 2023, Linardon filed a notice of appeal with regard to this order (Docket No. 38), but she did not pay the fee for docketing a notice of appeal or file a motion to appeal in forma pauperis.

Now before the Court is Linardon's "Request/Motion for Waive on Preliminary Injunction Relief Order Interlocutory

Appeal Docketing Fee Pursuant 28 U.S.C. § 1292(B)." (Docket No. 41) (as in original). In this motion, Lindardo argues that no appeal fee is required because the Court of Appeals Miscellaneous Fee Schedule provides, in relevant part, that there is no docketing fee for an application for an interlocutory appeal under 28 U.S.C. § 1292(b).

Lindardo attached to this motion an April 25, 2023 order of the United States Court of Appeals for the First Circuit in which the First Circuit finds that Linardon must pay the appeal fee because her appeal is not an "application for an appeal" under 28 U.S.C. § 1292(b). (Docket No. 41-1). The First Circuit also states: "In the event that the appellate fee represents a hardship to Appellant, she may file a motion before the <u>district court</u> asking for leave to appeal in forma pauperis. A financial affidavit to be filed with the district court is attached to this motion." <u>Id.</u> at 1 (emphasis in original). Linardon attached the blank financial affidavit to the present motion. <u>Id.</u> at 2-5.

The Court must DENY the motion. The First Circuit has already determined that Linardon's appeal is not one under 28 U.S.C. § 1292(b), which permits a federal court of appeals to exercise jurisdiction over the appeal of an order in which the district court judge "is of the opinion that such order involves a controlling question of law as to which there is substantial

2

ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," and states the same in the order. 28 U.S.C. 1292(b). Rather, the First Circuit has concluded that Linardon's appeal is under 28 U.S.C. § 1292(a), which gives a federal court of appeals jurisdiction over an order of a federal district court "granting, continuing, modifying, refusing or dissolving injunctions." 28 U.S.C. § 1292(a).

This Court is without authority to contradict the First Circuit's conclusion that Linardon must pay the appeal fee (or move to appeal in forma pauperis) because her appeal is one under 28 U.S.C. § 1292(a). Accordingly, Linardon's motion for a waiver of the appeal fee (Docket No. 41) is DENIED. The Clerk shall transmit a copy of this order to the First Circuit.

**So ordered.**

Dated: 05/08/2023

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge