United States District Court
District of Massachusetts

| | |
|---|---|
| Kelechi Linardon, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Boston Housing Authority, )<br>)<br>Defendant. )<br>) | Civil Action No.<br>22-11834-NMG |

MEMORANDUM & ORDER

GORTON, J.

In this case, pro se plaintiff Kelechi Linardon ("plaintiff" or "Linardon") has filed a 62-page complaint challenging actions taken by the Boston Housing Authority ("BHA" or "defendant") with respect to her federal housing voucher. Before the Court is defendant's motion to dismiss (Docket No. 56) under Fed.R.Civ.P. 8(a) and 12(b)(6), (7) and (8). Because the complaint lacks a short and plain statement showing the plaintiff is entitled to relief under Rule 8(a), the claims will be dismissed without prejudice.

I.  **Background**

The facts are well documented in the previous Order of this Court. (Docket No. 37). In essence, plaintiff received approval for a federal housing voucher granting her funds to rent a two-

-1-

bedroom apartment that could accommodate her disability. Once she found such an apartment, defendant determined that it could subsidize only $2,500 of the $3,790 monthly rental. Plaintiff claims that defendant intentionally prevented her from renting the desired apartment because of her disability and race.

Plaintiff filed her complaint in October, 2022, naming the BHA, Boston Mayor Michelle Wu and Massachusetts Governor Charlie Baker as defendants. Soon thereafter, plaintiff moved for a preliminary injunction (Docket No. 11). In December, 2022, defendants Wu and Baker filed oppositions to the preliminary injunctions and motions to dismiss the complaint. Defendant BHA joined in the oppositions to the preliminary injunction but did not file a motion to dismiss.

In February, 2023, the Court denied plaintiff's motion for a preliminary injunction and allowed the motions to dismiss of defendants Wu and Baker.

In August, 2025, the Court set a scheduling conference. Upon BHA's failure to appear, the Court instructed BHA to show cause

> why a default judgment should not be entered against it for failing to timely respond to the complaint or to comply with the Local Rules of this Court with respect to the previously set scheduling conference.

In response, the BHA indicated that an administrative error resulted in its failure to calendar the scheduling conference

-2-

but did not address its failure to file any responsive pleading. It did, however, shortly thereafter file the pending motion to dismiss, which plaintiff timely opposed.

I.  **Motion to Dismiss**

   **A. Timeliness**

Defendant was served in November, 2022, and filed a motion for extension of time to file an answer to January 13, 2023. It filed no responsive pleading by that date and requested no further extensions. Defendant's motion to dismiss was filed on August 14, 2025.

That defendant filed its motion to dismiss two-and-a-half years late, without requesting leave or providing explanation as to its tardiness, is unprofessional. The Court is within its authority to deny the motion as untimely but, in this case, there is sufficient reason to overlook the delay. First, defendant's motion largely reiterates its opposition to plaintiff's motion for preliminary injunction, filed in December, 2022, in which defendant stated that a forthcoming motion to dismiss would be duplicative. Furthermore, plaintiff's complaint is without merit and readily dismissible as explained below.

   **B. Rule (8)(a)**

In civil cases, plaintiffs are required to present a short and plain statement of the claim showing that the pleader is

-3-

entitled to relief. Fed.R.Civ.P. Rule 8(a)(2). Where a plaintiff appears pro se, her complaint should be liberally construed, Padmanabhan v. Hulka, 308 F. Supp. 3d 484, 496 (D. Mass. 2018), but that does not, however, relieve her from the procedural requirements. A complaint must still describe the essential nature of the claim, id., and a district court may dismiss a complaint for failure to adhere to that requirement. Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993).

The Court concludes that the complaint violates the requirement of Rule 8(a)(2) in that it consists of 62 pages of transitions between vague claims of discrimination and abuse, published news articles and anecdotes of personal suffering. It does not state a clear legal complaint to which defendant should be expected to reply and is insufficient to provide the basis of any meaningful litigation.

Because the Court concludes that the complaint should be dismissed under Rule (8)(a)(2), it declines to address whether it should also be dismissed pursuant to Rule 12(b).

**ORDER**

For the forgoing reasons, the motion to dismiss of defendant (Docket No. 56) is **ALLOWED** and the claims of plaintiff are **DISMISSED WITHOUT PREJUDICE.**

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: November _12_, 2025